**STATE of Maine**

v.

**Errol PINKHAM.**

Supreme Judicial Court of Maine.

April 11, 1978.

Thomas A. Berry (orally), Asst. Dist. Atty., Wiscasset, John R. Bass, II, Law Student, for plaintiff.

George M. Carlton, Jr. (orally), Wiscasset, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

On February 7, 1977, a two-count indictment was returned in the Superior Court (Lincoln County) charging defendant Errol Pinkham with the crimes, respectively, of kidnapping (17-A M.R.S.A. § 301) and aggravated assault (17-A M.R.S.A. § 208). A jury trial was held later the same month, and the jury found defendant guilty of each of the crimes charged. Defendant has appealed from the judgments of conviction entered on the verdict.

We deny the appeals.

■ In each count of the indictment defendant's unlawful conduct was alleged to have occurred "on or about the 4th day of November, 1976." Six days before trial, on February 16, 1977, the State served defendant with a demand for notice of alibi in which the State said that it ". . . intends to prove that the acts . . . charged were committed on the ninth day of November, 1976 . . . ." Defendant made no response to the State's demand. At trial, the State offered evidence relating to defendant's conduct as having occurred on November 4, 1976. Defendant objected, claiming that this variance from the date specified in the State's demand for notice of alibi required exclusion of the proffered evidence. Defendant's objection was overruled, and the evidence was admitted. At the conclusion of the State's case defendant also rested and moved, alternatively, for a judgment of acquittal, a new trial or a mistrial. The presiding Justice denied each of the alternatives, after having first given defendant opportunity to show that he was prejudiced by the variance between the date involved in the evidence admitted and the date specified in the State's demand for notice of alibi.[1]

---

1. The record shows that at "the request of the Court, in the absence of Defense counsel, after the conclusion of all proceedings for the day" the presiding Justice added to his denial of the motions: "because the Court finds the defendant not prejudiced in any way." Defendant says that this conduct of the presiding Justice was prejudicial error. Assuming arguendo that

Before us, defendant maintains that when the State asserted in its demand for notice of alibi that it intended to prove a particular date on which defendant committed the crimes charged against him, that date became binding on the State in the same manner as if the State had given the date in a bill of particulars. Hence, says defendant, the evidence of conduct by defendant occurring on another date should have been excluded on grounds of variance.

■ The premise of defendant's argument is incorrect. In *State v. Benner,* Me., 284 A.2d 91 (1971) this Court decided that the service of a demand for notice of alibi by the State does not automatically equate with the State's filing a bill of particulars, thus to restrict the scope of the State's proof at trial. *Benner* requires that defendant at least suffer some actual prejudice before a demand for notice of alibi can be claimed to function as a bill of particulars.

■ Here, the State's demand for notice of alibi was served less than 10 days before trial. Since it was thus untimely, because in violation of Rule 16(b) M.R. Crim.P., defendant had no obligation to respond to it and was not subject to whatever sanctions might be permissible for a failure to respond. Absent prejudice to the defendant, as *Benner,* supra, clarifies, the State's demand for notice of alibi had no effect to confine the scope of the State's proof at trial more narrowly than would otherwise be permissible under the allegations of the indictment.

Defendant's other points on appeal are all directed to the basic issue whether the presiding Justice was correct in his conclusion that as to the aggravated assault conviction the jury's general verdict finding defendant guilty *as charged* amounted to an adjudication that defendant committed the crime "with the use of a firearm against a person" and, therefore, 17–A M.R.S.A.

§ 1252(5) mandates a minimum sentence of imprisonment. Defendant contends that it was necessary that there be a *special* finding by the jury as to the use of a firearm.

■ No such special finding was necessary. Where statute prescribes that a particular factor, although not an element of the crime, affects the severity of punishment, defendant may be entitled to (1) an allegation as to it in the indictment, (2) jury consideration of it under proper instructions from the court, and (3) proof at trial sufficient to support a jury conclusion beyond a reasonable doubt concerning the existence of such factor as charged in the indictment. 17–A M.R.S.A. § 1252(5); see *Fuller v. State,* Me., 282 A.2d 848, 857 n. 6 (1971). Defendant, however, has no right to a *special* jury finding on the point. See *State v. Heald,* Me., 307 A.2d 188, 192 (1973).

■ Here, the indictment alleged that defendant used a firearm in committing the assault. The presiding Justice correctly instructed the jury that to find defendant guilty of aggravated assault as charged in Count II of the indictment the jury must find beyond a reasonable doubt that defendant recklessly caused bodily injury by means, and with the use, of a dangerous weapon, namely, a firearm. The presiding Justice adequately defined each of the critical terms for the jury. The evidence amply warranted the conclusion beyond a reasonable doubt, as implicit in the general verdict of the jury finding defendant guilty as charged, that on November 4, 1976 defendant used a loaded revolver to threaten and beat Paul Poore. Nothing more was required to bring into play the mandatory minimum punishment prescriptions of 17–A M.R.S.A. § 1252(5).

The entry is:

Appeals denied; each judgment of conviction is affirmed.

there was such error, we conclude that it was harmless. Since, before he ruled, the presiding Justice had allowed defendant to claim and show prejudice, the Justice's denial of defendant's motion was sufficient, for the purposes of appellate review, to indicate that the Justice had concluded that defendant was not prejudiced by the variance in dates. The more particularized finding added by the Justice was not really necessary.