STATE of Maine

v.

Nicholas SATOW.

Supreme Judicial Court of Maine.

Oct. 24, 1978.

James W. Gallagher (orally), Asst. Dist. Atty., Wiscasset, for plaintiff.

Richard W. Elliott (orally), Boothbay Harbor, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

An indictment returned November 8, 1977 in the Superior Court (Lincoln County) charged that defendant Nicholas Satow committed the crime of Criminal Threatening (17–A M.R.S.A. § 209) in that on September 6, 1977 he

". . . did, while in possession of a dangerous weapon, to wit a shotgun, knowingly place another person, to wit, Robert Murphy in fear of imminent bodily injury by approaching said Robert Murphy with the above named weapon pointed at Robert Murphy's chest."

At the beginning of February, 1978, defendant was tried before a jury and was found guilty of the crime of Criminal Threatening. The jury also, as authorized by instructions of the presiding Justice, specially found that defendant committed the crime with the use of a firearm.

These circumstances made relevant for punishment purposes the provisions of 17–A M.R.S.A. § 1252(4) and (5). By the State's having pleaded and proved that Criminal Threatening, a Class D crime, was committed with the use of a firearm, first, Section 1252(4) which addresses the use of a dangerous weapon—and by law a firearm is a dangerous weapon, see 17–A M.R.S.A. § 2(9)(A) and *State v. Frye*, Me., 390 A.2d 520 (1978)—would raise the punishment category to Class C (thus authorizing punishment for a definite period not to exceed five years); and, second, Section 1252(5), as concerned with the "use of a firearm against a person", would mandate the punishment of imprisonment for at least one year. Here, defendant was sentenced to imprisonment for one year.

Defendant has appealed from the judgment of conviction, as including the sentence (Rule 32(b) M.R.Crim.P.). His points on appeal are: (1) the allegations of the indictment were not sufficient to qualify it as the pleading required by 17–A M.R.S.A. § 1252(4) and (5) to make applicable their provisions as to enhanced punishment—more particularly, the mandatory minimum imprisonment for one year prescribed in Section 1252(5); and (2) in any event, under the allegations of the indictment, the presiding Justice wrongly instructed the jury on the *kind* of use (of a dangerous weapon or firearm) the jury could consider in making a special finding, authorized by the presiding Justice, as to the existence or non-existence of the Section 1252(4) and (5) factors for enhancing punishment.

We deny the appeal.

### 1.

■ Defendant contends that the indictment was inadequate because it failed to inform him that he made use of a firearm in committing the crime of Criminal Threatening, thus to give him the requisite notice that the State was invoking the mandatory imprisonment punishment provided by 17–A M.R.S.A. § 1252(5).[1]

■ We disagree with defendant's position and conclude that the indictment adequately states that defendant's conduct in committing the crime charged involved the "use of a firearm."[2] The indictment alleged that defendant did

---

1. The mechanisms used by defendant to raise this issue at the trial level were a motion for judgment of acquittal filed at the conclusion of all the evidence and a motion for judgment of acquittal and for a new trial filed after return of the jury verdict.

Technically where, as here, there is no question that the indictment adequately charged the crime of Criminal Threatening, the motions for judgment of acquittal filed at the end of all the evidence and after return of the jury verdict were not appropriate to raise the issue of the adequacy of the pleading of punishment-enhancing factors; the motion for judgment of acquittal is directed to the crime charged, as such.

It may also be open to question whether infirmities relating to punishment-enhancing factors are appropriately raised by a motion for new trial; arguably, the enactment of the Criminal Code may require that the approach taken in *State v. Day*, Me., 293 A.2d 331 (1972) be re-examined.

In any event, we conclude that the pleading issue raised by defendant should here be given appellate cognizance. It was in fact called to the attention of the presiding Justice and was specifically considered and ruled upon by him. Further, by virtue of the special finding of the jury that a firearm was used in committing the crime, the issue appears plainly in the record and is thus open to appellate cognizance on direct appeal as a "jurisdictional sentencing infirmity." See *State v. Parker*, Me., 372 A.2d 570 (1977); *State v. Capitan*, Me., 363 A.2d 221 (1976).

In this connection, we may note that had there been no special finding by the jury that there had been use of a *firearm*, we should not give defendant's claim appellate cognizance. In such case the sentence imposed in fact would be fully supported by the plain allegation of the indictment that defendant used a *dangerous weapon*, see 17–A M.R.S.A. § 1252(2)(C) and (D) in conjunction with Section 1252(4) and Section 209(2). Thus, it would not be arguable that the sentence of one year's imprisonment was imposed *because mandated as a minimum sentence* by Section 1252(5).

2. Section 1252(5) requires not only that there be use of a firearm but also that such use be "against a person." Here, defendant's attack on the indictment raises no issue as to this additional factor of "against a person"—no doubt because defendant recognized, as we decide, that if the instant indictment sufficiently

"while in possession of a dangerous weapon, to wit a *shotgun,* knowingly place another person . . . in fear of imminent bodily injury *by approaching said . . . [person] with the above named weapon pointed at . . . [his] chest."* (emphasis supplied)

From the emphasized language we think it beyond dispute that it would be plain to a person of ordinary intelligence that (1) a "firearm" was involved, as shown by the explicit reference to a "shotgun" which is a "firearm" not only in common usage but also by definition under the Criminal Code, see 17–A M.R.S.A. § 2(12–A) (Supp.1976), and (2) the firearm, as pointed at the victim, was not merely "possessed" but was "used" by defendant, since it is not requisite that the indictment employ the exact word "use" so long as it contains language "equivalent in meaning." See *State v. Mann,* Me., 361 A.2d 897 (1976).

### 2.

Defendant's other point on appeal claims error by the presiding Justice in his instruction to the jury concerning the *type* of "use" the jury could consider in returning a special finding to clarify whether or not the State had proved the factors requisite for the applicability of enhanced punishment provisions.

This issue arises from the following circumstances. When defendant argued to the presiding Justice that the indictment adequately alleged only the "possession" and not the "use" of a firearm (or dangerous weapon), the Justice ruled that the indictment sufficiently alleged "use" by the language "pointed at Robert Murphy's chest." Relying on this ruling, defendant subsequently contended that the presiding Justice must instruct the jury that the jury was authorized to find "use" only if it concluded that defendant acted in the particular manner described in the indictment, namely, that defendant pointed a shotgun

at Robert Murphy's chest. The Justice refused to give this restrictive instruction and, instead, told the jurors that they were entitled to find "use" of a firearm (or dangerous weapon) on a broader factual basis. Defendant contends that such instruction was error and argues that his position is supported by language of this Court in *State v. Pinkham,* Me., 384 A.2d 444, 446 (1978) that the State should prove a punishment-enhancing factor ". . . as charged in the indictment."

Defendant's argument is unsound. The "as charged in the indictment" wording in *State v. Pinkham,* supra, was written in light of the recognized principle that when a statute's *generic* description of a punishment-enhancing factor is couched in language readily understood in common usage, an indictment sufficiently charges such punishment-enhancing factor if it uses the general terminology of the statute:

". . . without setting out the specifics of the circumstances which raise the crime . . ."

to a higher punishment category.[3] See *State v. Davenport,* Me., 326 A.2d 1, 9 (1974).

Here, the function of the language in the indictment that defendant "pointed [the shotgun] at . . . [the victim's] chest" was to allege in words of equivalent meaning that defendant had committed the crime of Criminal Threatening "with the use of a firearm against a person", this being the punishment-enhancing factor prescribed by Section 1252(5). That the language of the indictment, which we have held sufficient as a pleading of the statutorily prescribed punishment-enhancing factor, happened to allege it by unnecessarily indicating some "specifics of the circumstances" *does not confine the State's proof precisely to the circumstances alleged.*

alleges that a firearm was used, automatically it alleges in light of the circumstances described that the firearm was used "against a person."

3. In *State v. Pinkham* itself the indictment charged only that the crime of assault there involved was committed "by means of and with the use of a dangerous weapon, namely, a firearm."

■ *State v. Pinkham* neither states, nor intends, anything to the contrary. To rule otherwise would be to ignore the central thrust of our prior decisions in *State v. Martin*, Me., 387 A.2d 592, 593 (1978) and *State v. Mann*, supra, which deal with the pleading of essential elements of a crime and thus apply *a fortiori* to the pleading of punishment-enhancing factors. *Martin* and *Mann* establish that an indictment sufficiently pleads an essential element of a crime, and therefore also a punishment-enhancing factor, even if it does not use the wording of the statute but contains language necessarily implying, or equivalent in meaning to, the statutory phrasing. The fair import of holding "equivalent" language sufficient as a pleading of whatever punishment-enhancing factor *State v. Davenport*, supra, allows to be pleaded in the general language of the statute is to authorize the State to prove that factor by facts reasonably encompassed within the meaning of the general statutory language, so long as they are taken in particular relation to the circumstances stated in the indictment as constituting the *underlying crime*.[4]

The punishment-enhancing factor described by statute, and which we have here held was sufficiently pleaded by the indictment, is "use of a firearm against a person." It is *that* factor which the State was entitled to prove by any factual circumstances fairly encompassed within its meaning as related to the crime of Criminal Threatening here charged.[5] Accordingly, the presiding Justice's instruction here at issue, which was carefully framed in the statutory language and elaborated with examples appropriate to the Criminal Threatening context charged in the indictment, was a proper instruction.

The entry is:

Appeal denied.

Judgment of conviction affirmed.

ARCHIBALD, J., did not sit.

---

4. This principle is subject to the qualification, to protect against the possibility of unfairness in rare instances, that the defendant not be misled or surprised, to his prejudice.

5. The record before us reveals neither a claim, nor basis for a claim, by defendant that he was misled by the indictment, or that the breadth of proof allowed the State caught him by surprise, to his prejudice.