STATE of Maine

v.

Carolyn NILES.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 2, 1990.

Decided Dec. 31, 1990.

Paul Aranson, Dist. Atty., Portland, for State.

Seth Berner, Portland, for defendant.

Before ROBERTS, and GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

COLLINS, Justice.

Carolyn Niles appeals from the conviction of, and sentence imposed for, criminal threatening with the use of a dangerous weapon, 17–A M.R.S.A. §§ 209, 1252 (1983), following a jury trial (Cumberland County, *McKinley, J.*).[1] The principal issue on appeal is whether the court erred in imposing a mandatory minimum sentence. Finding no error in the one year minimum sentence and no merit in her challenges to the verdict, we affirm.

The defendant was indicted for criminal threatening with a hand gun, a Class D crime, on December 8, 1988. A jury found her guilty after hearing testimony that she had threatened at least two people with a gun. Noting that a Class D crime committed with a dangerous weapon is enhanced to a Class C crime for sentencing purposes under 17–A M.R.S.A. § 1252(4) (1983) and finding that a mandatory minimum one year sentence applied pursuant to 17–A M.R.S.A. § 1252(5) (1983), the court sentenced Niles to 18 months in jail with all but one year suspended and two years probation. Niles appealed the sentence and the judgment.

Niles contends that the sentencing court erred in imposing a mandatory mini-

---

1. 17–A § 209 provides:
   "1. A person is guilty of criminal threatening if he intentionally or knowingly places another person in fear of imminent bodily injury.
   2. Criminal threatening is a Class D crime"

17–A § 1252(4) provides in pertinent part:
   "If the State pleads and proves that a Class B, C, D, or E crime was committed with the use of a dangerous weapon then the sentencing class for such crime is one class higher than it would otherwise be."

mum sentence under 17–A § 1252(5). 17–A M.R.S.A. § 1252(5) provides:

> Notwithstanding any other provision of this code, if the state pleads and proves that a Class A, B, or C crime was committed with the use of a firearm against a person, the minimum sentence of imprisonment, which shall not be suspended, shall be as follows: ... When the sentencing class for such crime is Class C, the minimum term of imprisonment shall be one year. For purposes of this subsection, the applicable sentencing class shall be determined in accordance with subsection 4....

Niles argues that the first part of the first sentence of section 1252(5) requires the state to plead and prove a Class A, B or C crime in the first instance and here, although the crime was enhanced to a Class C crime for sentencing purposes, the state proved a Class D crime. The sentencing court read the statute to require a mandatory minimum sentence of one year for sentencing class C crimes committed with the use of a firearm, focusing on the second and the latter part of the first sentence. We resolve the confusion created by the statute by agreeing with the court's interpretation.

■■■ The first task of a court when interpreting a statute is to ascertain the real purpose of the legislation. *Davis v. State*, 306 A.2d 127, 129–30 (Me.1973). Once this purpose is found, a court should give effect to it, avoiding results that are absurd, inconsistent, unreasonable or illogical, if the language of the statute is fairly susceptible to such a construction. *Paradis v. Webber*, 409 A.2d 672, 675 (Me.1979); *Davis*, 306 A.2d at 130. A court can even ignore the literal meaning of phrases if that meaning thwarts the clear legislative objective. *Paradis*, 409 A.2d at 675.

The purpose of this act was to set a minimum mandatory sentence when firearms were used in the commission of any crime. House Amend. F. to L.D. 2334, Statement of Fact (1976); 3 Legis.Rec. 859–61 (1976).[2] This court has, in dicta, interpreted the statute to apply to Class D crimes enhanced for sentencing purposes to Class C crimes to effectuate this goal. *See State v. Satow*, 392 A.2d 546, 548 (Me. 1978) (since the state pleaded and proved a Class D crime, committed with the use of a firearm, this would raise the "punishment category" to Class C and "section 1252(5) ... would mandate the punishment of imprisonment for at least one year."); *State v. Thomas*, 507 A.2d 1051, 1053 n. 4 (Me. 1986) (court commented without condition that section 1252(4) converts a Class D crime committed with the use of a dangerous weapon to a Class C and section 1252(5) provides for a mandatory one year minimum sentence for a Class C crime). A different reading of the statute would frustrate the legislative purpose.

The court did not commit error by deciding that defendant's conviction of a statutory class D crime, enhanced to a sentencing class C crime, carried with it a mandatory minimum sentence of one year because the crime was committed with a firearm. The other challenges to the court's rulings were not properly preserved, do not constitute obvious error and deserve no further comment.

The entry is:

Judgment and sentence affirmed.

All concurring.

---

2. Section 1252(5) was added as an amendment to the suggested draft of the Maine Criminal Code Revision Committee in 1976. P.L.1975, ch. 740, §§ 116–118–A (effective June 19, 1975). The Criminal Code Revision Committee opposed minimum sentences because they infringed on the courts' sentencing discretion. The original version of the amendment was identical to the present version except that it said that the state needed to "plead and prove that a Class A, B, C *or D* crime was committed with the use of a firearm." House Amend. F to L.D. 2334, No. H–1174 (1976) (emphasis added). Class D was dropped in 1979, without comment. Comm. A to L.D.1925, No. S–456 (1979). We cannot speculate about the reasons for this change and do not find in it, or in any other actions by the legislature, an intention to alter the purpose of the original amendment.