STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: AP-03-71
SKS - KEN - 2/23/2004

PORTLAND SURGERY CENTER, LLC

    Plaintiffs

V.

COMMISSIONER, DEPARTMENT OF
HUMAN SERVICES

    Defendant

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

MAR 17 2004

    This matter comes before the court on the petition by Portland Surgical Center pursuant to Maine Rules of Civil Procedure 80C and the Administrative Procedures Act (5 M.R.S.A. §11002). The gravamen of the petition is that the Department of Human Services (Department) has refused to timely act on PSC's application for a Certificate of Need (CON) for an ambulatory surgical facility in Portland. PSC argues that the Department has improperly interpreted the Certificate of Need Act and asked the court to issue an order requiring the Commissioner to make an immediate decision. The court agrees that the Department has misinterpreted the statute and must be required to expedite its decision. This decision augments the court's previous summary decision and order dated February 19, 2004.

PROCEDURAL BACKGROUND

    As will be seen below, the primary issue before the court is one of statutory interpretation and the counting of statutory time periods. Therefore, the only critical facts necessary for the purposes of deciding the petition are the specific dates that certain activities occurred. This procedural history is set forth below.

    On February 11, 2003, PSC filed a letter with the Department indicating it's plans to develop an ambulatory surgical facility in Portland and it's understanding that no CON

would be necessary. A month later on March 10, 2003, the Department indicated its disagreement with PSC, holding that a CON would be necessary. [1]

On July 7, 2003, PSC certified its CON application as complete. This is a key date since it triggers the running of the time periods at issue. On August 25, 2003, a public information meeting was held. A month later on September 30, 2003, the Department notified PSC that it would "take no further action on the application until July 7, 2004", invoking the "public necessity" delay authorized in 22 M.R.S.A. §339(6). On December 18, 2003, DHS informed PSC that the processing of its application would begin anew after January 7, 2004. On December 22, 2003, a public informational hearing was conducted and on December 30, 2003, the present petition was filed.

PSC has a sizeable investment already in its planning of its facility. PSC also has an option on some real property in the Portland area, which it is in danger of losing without a prompt decision by the Department.. However, as of the date of hearing the option was still available and the application is not moot.

## DISCUSSION

The key statutory provisions are found in 22 M.R.S.A. §339. Subsection 5, entitled "Reviews" reads:

To the extent practicable, a review must be completed and the Commissioner shall make a decision <u>within 90 days after the application has been certified as complete by the applicant.</u> The department shall establish criteria for determining when it is not practicable to complete a review within 90 days. Whenever it is not practicable to complete a review within 90 days, the department may extend the review period for up to an additional 60 days.

Subsection 6, entitled, "Public necessity", reads:

The department may delay action on an otherwise complete application <u>for up to 180 days from the time the application has been certified as complete</u> by the applicant. If the department finds that a Public necessity exists. The department shall provide written notice of the delay to the applicant and any other person who has requested in writing information regarding the application. (Emphasis provided)

---

[1] This decision-that the Certificate of Need law applies to this project-was appealed by PSC to the Cumberland County Superior Court. That appeal was dismissed by the court and the dismissal is presently on appeal to the Law Court. This decision has no relevance to the issue at hand since it appears that PSC was unaware of the Department's interpretation of the statute at the time of the Cumberland County appeal.

The "Review" language in Subsection 5 comes from the previous Certificate of Need statute. Formerly, 22 M.R.SA. §307(3). The "Public necessity" provisions were added when the CON statute was reenacted as the Maine Certificate of Need Act of 2002. Public laws 2001, Chapter 664, Section 2. Both provisions provide deadlines for CON processing. The court will assume that DHS had sufficient basis to invoke the "Public necessity" provision of Subsection 6. Therefore, the issue becomes how Subsections 5 and 6 should be interpreted and read together.

The Department's reading of the Subsections is that the public necessity 180 day period under subsection 6 may be added to or interrupt the 90 or 150 day review period under subsection 5. In the present case, the Department had the completed application for 85 days from July 7th, to September 30th for review before it declared a "no further action" delay under Subsection 6. The Department apparently then backed up and counted 180 days from July 7, 2003, (the application certification date) to arrive at the date of January 7, 2004. It then added the balance left from the maximum 150 days allowable under Subsection 5 to arrive at a new deadline of March 12, 2004. The court concludes that such "stacking" is not within the intention of the Legislature and is an improper interpretation of the statutes.

The court appreciates the efforts of both parties to research the legislative history of this portion of the CON Act of 2002. Unfortunately, there is no relevant legislative history, and apparently this is the first time that the interrelationship of the CON time periods has been the subject of legal review. Thus there is little guidance as to what the Legislature intended and how Subsections 5 and 6 were to work together. If there is ambiguity in this regard, the department suggests that the court should defer to the department's expertise in interpreting its own statute. In one case cited by the Department, the Law Court has stated:

Unless the meaning of a statute is clear, or within our own expertise, we will defer to an agency's interpretation of a statute it administers when the agency's interpretation is both reasonable and within the agency's own expertise. Botting v. Department of Behavioral and Developmental Services, 2003 ME 152, paragraph 9, 838 A.2nd 1168.

However, in the present case the issues involve the passage of time and the counting of days; concepts which are not uniquely within the Department's own expertise.

3

Therefore, the court concludes that the Department's interpretation in this case is not entitled to the deference that it might receive in interpretations of other statutes.

Nor is the Department's interpretation reasonable in light of the purpose of these statutes. The Department's interpretation ignores two important aspects of the statute. First, the time periods in both Subsections 5 and 6 begin with the date on which the application has been certified as complete. Under the Department's interpretation, if the "Public necessity" delay of Subsection 6 is invoked, the calendar with regard to the Subsection 5 review periods would not begin running until up to 180 days after the application has been certified, contrary to the clear wording of the statute. We are instructed that we must read conflicting statutes to obtain harmony (Pinkham v. Morrill, 622 A.2nd 90 (ME 1993)) and avoid unreasonable or illogical construction (State v Niles, 585 A.2d 181 (ME 1990). In the present case it is more logical and harmonious to interpret the provisions as meaning that the time periods of Subsection 5 would prevail unless subsection 6 is invoked, in which case the Subsection 6 (up to 180 day) period becomes the controlling period.

The Department also argues that under Subsection 6 the provision that they "may delay action" means that they would simply have no activities with regard to the application for six months. This definition of "action" seems unreasonable to the court since in the presence of a public necessity as defined, one would want more review activity over an extended period of time rather than less activity, in order to ferret out the public benefit. The court finds it more logical and reasonable to interpret the word "action" as meaning a decision by the Department, as it is used in the Administrative Procedure Act. ("Proceedings for judicial review of final agency action or the failure or refusal of an agency to act shall be instituted by filing a petition for review in the Superior Court...", 5 M.R.S.A. §1102(1)).

Finally, one must consider the original reason for these time periods. "Those time periods of the Certificate of Need Act serve the hortatory purpose of curbing bureaucratic delay and give an applicant a legal basis for going to the Superior Court to get an order requiring the Department to render a decision." Bradbury Memorial Nursing Home v. Tall Pines Manor Associates, 485 A.2nd 634, 640 (Me 1984). Given this purpose, the Department's interpretation of the interaction of these two subsections, which would

4

result in more than doubling the time the Department would have in which to act up to a maximum of eleven months, appears unreasonable.

For the reasons state above, the court concludes that the Department's interpretation of the statute is incorrect and that a decision by the Commissioner was due 180 days from the date of the certification that the application was complete. However, since this is a new, previously untested statute and the interplay of the statutory sections is not entirely clear, the delay is understandable. Therefore, the court will order the Commissioner to make his decision within a 7-day period from the date of its summary order to allow final staff analysis and recommendation.

The entry will be the court's Decision and Order dated February 19, 2004 is augmented by the rationale set forth herein; rhe Clerk shall incorporate this decision in the docket book by reference.

DATED: February 23, 2004

S. Kirk Studstrup,
Justice, Maine Superior Court

5

Date Filed·___12/31/03___ ___Kennebec___ Docket No. ___AP03-71___
County

Action ___80C___

## J. STUDSTRUP

| PORTLAND SURGERY CENTER LLC | vs. | COMMISSIONER, MAINE DEPT. OF HUMAN SERVIC |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| KATHERINE FERGUS ESQ<br>470 ATLANTIC AVE SUITE 500<br>BOSTON MA  02210<br><br>MICHAEL GOTTFIED, ESQ. | Janine Keck Massey, AAG<br>6 State House Station<br>Augusta, Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 12/31/03 | PETITION FOR REVIEW UNDER RULE 80C, FILED. s/FERGUS, ESQ.<br>AFFIDAVIT OF KATHERINE YOUNG FERGUS, FILED.<br>AFFIDAVIT OF CATHEL A MACLEOD, M.D., FILED.<br>AFFIDAVIT OF ROBERT WESTERGARD, FILED.<br>CERTIFICATE OF SERVICE, FILED.<br>MOTION FOR EXPEDITED REVIEW WITH INCORPORATED MEMORANDUM OF LAW AND PROPOSED ORDER, FILED. S/FERGUS, ESQ.<br>PETITIONER'S EMERGENCY REQUEST TO SHORTEN THE TIME FOR RESPONDING TO MOTION FOR EXPEDITED REVIEW AND PROPOSED ORDER, FILED.<br>NOTICE OF MOTION, FILED. |
| 1/5/04 | Respondent's Opposition to Petitioner's Motion for Expedited Review, filed. s/ Massey, AAG    (attached exhibits A-D) |
| 1/6/04 | Petitioner's Reply to Respondent's Opposition to Motion for Expedited Review and Incorporated Memorandum of Law, filed.  s/K. Fegus, Esq. |
| 1/8/04 | Telephone conference held on 1/7/04, Hon. Kirk Studstrup.<br>Attorneys Fergus and Massey participating in call.<br><br>The entry will be:<br>Respondent to file motions to dismiss by 1/9/04; Petitioner to file opposition by 1/12/04; respondent to reply by 1/15/04.  Request for expedite hearing _not_ decided.<br>Copies mailed to attys. |
| 1/9/04 | Respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment with Incorporated Memorandum of Law and Request for Hearing; Statement of Material Fact with attachments and Proposed Order, filed. |
| ------- | Petitioner's ME.R.CIV.P.80C(g0 Brief in Support of Petition, filed. s/Ferjus, Esq. |
| 1/13/04 | Petitioner's Opposition to Respondent's Motion to Dismiss Or, in the Alternative, Motion for Summary Judgment; and<br>Petitioner's Response to Respondent's Statement of Material Facts and Response to Purported Factual Averments Contained in Respondent's Brief, field.  s/K. Fergus, Esq.  (filed 1/12/04) |