## LIFE INSURANCE CO. OF NORTH AMERICA

### v.

### Sonjia M. JACKSON and Robin L. Jensen, et al.

Supreme Judicial Court of Maine.

Argued May 1, 1984.

Decided May 25, 1984.

Whiting & Kendall, James H. Kendall (orally), Rumford, for appellants.

Berman, Simmons & Goldberg, P.A., Julian L. Sweet (orally), Lewiston, for appellee.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The four children of the late Dr. Norman M. Jackson appeal from a summary judgment of the Superior Court (Cumberland County) entered in favor of Sonjia Jackson, Dr. Jackson's former spouse. The children and Sonjia were codefendants in this interpleader action brought by the Life Insurance Co. of North America to determine the rights of the codefendants to the proceeds of an accidental death insurance policy owned by Dr. Jackson. The children maintain that it was error for the Superior Court to hold that the divorce judgment between Sonjia and Dr. Jackson did not

extinguish her rights as the designated beneficiary to $70,000 of the proceeds. We affirm the judgment.

The judgment of January 5, 1977, by which the Jacksons were divorced, incorporated a property agreement between the parties which provided in part:

> Each of the parties has reduced to his or her sole possession all of the goods and chattels which comprise his or her separate property and to the extent that there is marital property to be affected by the provisions of a divorce judgment, each of the parties has reduced to his or her exclusive possession all of said marital property.

The children assert that this language is sufficiently comprehensive so as to divest Sonjia of her expectancy interest as a named beneficiary on the policy, which remained in her former husband's possession. We disagree.

 The mere fact that the named beneficiary has been divorced from the insured does not affect the beneficiary's rights to the insurance proceeds. *E.g.,* *Redd v. Brooke,* 96 Nev. 9, 604 P.2d 360 (1980); *Nunn v. Equitable Life Assurance Society of the United States,* 272 N.W.2d 780 (N.D.1978); *Bersch v. VanKleeck,* 112 Wis.2d 594, 334 N.W.2d 114 (1983). We find nothing in the above-quoted portion of the divorce judgment which prevents the beneficiary designation in the policy from governing the right to the proceeds. The judgment neither explicitly nor implicitly divests Sonjia of her expectancy. Because she remained the named beneficiary to $70,000 of the insurance proceeds, there was no genuine issue as to any material fact and Sonjia Jackson was entitled to judgment as a matter of law. *See Banker's Life Insurance Co. of Nebraska v. Eaton,* 430 A.2d 833, 835 (Me.1981); M.R. Civ.P. 56(c).

The entry is:

Judgment affirmed.

All concurring.