Leonard **FITZGERALD**

v.

Dorothy E. **TRUEWORTHY.**

Supreme Judicial Court of Maine.

Argued May 2, 1984.

Decided May 30, 1984.

William K. McKinley (orally), Willard H. Linscott, Twitchell, Linscott & Badger, Bangor, for plaintiff.

Norman S. Heitmann, III (orally), Tanous & Beaupain, East Millinocket, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

This case involves the construction of the marital property provision of a divorce judgment and its enforcement against the wife by the personal representative of the estate of the now deceased husband. We affirm the summary judgment entered by the Superior Court (Penobscot County) in favor of the husband's estate.

On June 9, 1978, the Superior Court granted a divorce to Dorothy E. and William A. Fitzgerald. The principal, if not only, marital property of the couple consisted of their family home located on Grindell Street in Lincoln. The divorce judgment disposed of that marital real estate as follows:

> AND BY AGREEMENT OF PARTIES IT IS FURTHER ORDERED that the Defendant shall pay the mortgage payment on the parties' residence (hereinafter described in Exhibit A attached hereto) in the amount of Ninety-five Dollars and Fifty-five Cents ($95.55) until such time as all the children have either finished their high school education or in the alternative, have terminated pursuit of same, whichever first occurs. During said period of time, the Defendant, Dorothy E. Fitzgerald, is awarded possession of said residence. At the time that all the children have either finished their high school education or have terminated pursuit of same, the aforesaid residence is to be sold and the proceeds equally divided. However, in the event any major repairs and/or improvements are made to said residence, the party who has made such repairs and/or improvements shall be entitled to credit therefor at the time of distribution of proceeds. Major repairs and/or improvements are defined as ones costing over One Hundred Dollars ($100.00). Providing further, however, that Defendant, Dorothy E. Fitzgerald, shall have a right of first refusal on said property, to be exercised by her in writing, within Five (5) days after the receipt by her of a bona fide written offer.

At the time of the divorce judgment and at all times since, record title to the house has stood in the names of the divorcing couple as joint tenants.

On December 16, 1981, the husband, William Fitzgerald, died intestate. By June 1982 all the couple's children had either completed or terminated the pursuit of their high school education.

Leonard Fitzgerald, as personal representative of William Fitzgerald's estate, sued Dorothy E. Fitzgerald (now Dorothy E. Trueworthy) in Superior Court to enforce the above-quoted provision of the divorce judgment. See 18–A M.R.S.A. § 3–817(a) (1981) ("No personal action or cause of action shall be lost by the death of either party"). He asked the Superior Court to order a sale of the property and a division of the proceeds equally between Mrs. Trueworthy and the estate of her divorced husband. The Superior Court entered summary judgment for the estate on Mrs. Trueworthy's summary judgment motion. The Superior Court held that "[t]he decree did not affect the title to real estate, but made provisions for occupancy and later sale." The court also found that the decree, by its terms, controlled the disposition of the residence. It concluded

> that the fact that title passed to Mrs. Trueworthy upon the death of William Fitzgerald does not alter the effect of the *in personam* judgment requiring sale. She remains bound by that order of the divorce court. The heirs of William Fitzgerald are legally and equitably entitled to his share of the marital estate, as secured by that order.

On appeal to this court both parties concede that there are no factual issues in dispute, making summary judgment an ap-

propriate means of disposing of the case. *See* M.R.Civ.P. 56(c). Mrs. Trueworthy claims her entitlement to summary judgment under the view that when her divorced husband died prior to the completion of their children's high school education she immediately acquired, by right of survivorship under the joint tenancy, an unencumbered fee ownership of the property. She contends that the divorce judgment did not thereafter affect her sole ownership of the residence. We disagree.

Mrs. Trueworthy does not argue, nor could she successfully argue, that the divorce court was without power to impose a personal obligation on her to carry out in effect a partition by sale. *Cf. Zillert v. Zillert,* 395 A.2d 1152, 1157–58 (Me.1978) (division of marital property by sale and distribution of the proceeds). 19 M.R.S.A. § 722–A(1) (1981) mandates that the divorce "court shall set apart to each spouse his property and [it] shall divide the marital property in such proportions as the court deems just after considering all relevant factors...." *See Merrill v. Merrill,* 449 A.2d 1120, 1124 (Me.1982) (divorce court's power to divide marital property). The court, as a corollary to its exercise of section 722–A powers, must be allowed to defer the actual division until a specified date or the future occurrence of some stated event. In this case, the divorce judgment delayed the sale and distribution of proceeds until after the children were through going to high school. This condition placed on the otherwise equal division of the marital real estate was consistent with 19 M.R.S.A. § 722–A(1)(C), which permits the court to grant a right to live in the family home "for reasonable periods to the spouse having custody of any children." In light of these statutory provisions the divorce court plainly had the power to impose an *in personam* obligation on Mrs. Trueworthy to sell the property and share the proceeds with her former husband. The only real issue in this case is whether the divorce court intended to create such an obligation. *See Wardwell v. Wardwell,* 458 A.2d 750, 752 (Me.1983) (focusing upon intent of court entering divorce judgment, not parties' intent, in interpreting that judgment).

As the Superior Court found, a fair reading of the divorce judgment reveals the divorce court's intention to impose on the divorcing couple *in personam* obligations to sell the property and divide the proceeds equally. The judgment makes no reference to a right of survivorship or in any way implies that the death of one party would alter the personal obligation of the other to sell and divide the proceeds. The judgment's provision for giving credit for expenses incurred for major repairs and improvements further illustrates the role of the sale and the division of the proceeds therefrom, in completing the personal obligations and rights of the respective parties. The judgment, by giving Mrs. Trueworthy a right of possession while the couple's children continued to be in high school, created an interim right for Mrs. Trueworthy to use the house for a limited period. The obligation to sell the house, however, was delayed only long enough to allow Mrs. Trueworthy to occupy it, with the children of whom she was given custody, through the period of their secondary education. The judgment in no way intimates that the postponement of the date of sale gives Mrs. Trueworthy any additional rights as compared with an immediate sale. Least of all does the judgment suggest that the obligation of one spouse to sell and share the proceeds was affected at all by the death of the other divorced spouse. On the contrary, the personal duty of both the husband and the wife to carry out the division of the marital property equally between them depended upon a single triggering event, the end of the Fitzgerald children's secondary education. The divorce judgment in imposing that personal duty upon both parties was completely blind to the exact status of the legal title to the premises; it made no difference whether either one was the sole title holder or they held it as tenants in common or joint tenants. When the time came to effect the

even division, whichever of them held the legal title in whole or part was obligated by court order to carry out the partition by sale.[1]

We find the divorce judgment perfectly clear, as did the Superior Court. Mrs. Trueworthy gains nothing by reason of the happenstance that her divorced husband died prior to the time that the divorce court set for the effectuation of the equal division of the marital property.[2]

The entry is:

Judgment affirmed.

All concurring.

---

1. The recording of an abstract of the Fitzgerald divorce judgment in the Penobscot County Registry of Deeds under 19 M.R.S.A. § 725 (1981) gave constructive notice to the world of the *in personam* obligations of the record title holders.

2. The divorced wife's right of survivorship under the couple's joint tenancy in this *Fitzgerald* case is not to be confused with the divorced wife's rights by virtue of the insurance policy beneficiary designation in *Life Insurance Co. of*

*North America v. Jackson,* 475 A.2d 1150 (Me. 1984), decided recently. The wife's rights as a joint tenant of the marital real estate in the *Fitzgerald* case were subjected by the divorce judgment to *in personam* obligations to divide that real estate equally between the divorcing husband and wife. In contrast, the divorce judgment in *Jackson* did not even purport to address the question of the husband's life insurance and the beneficiaries thereof.