1999 ME 80

**STATE of Maine**

v.

**Robert S. HARRIS.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 17, 1999.
Decided May 27, 1999.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

David S. Turesky, Turesky & Howard, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Robert S. Harris appeals from a judgment entered in the Superior Court (Cumberland County, *Cole, J.*) upon a jury verdict finding him guilty of operating after suspension ("OAS") in violation of 29 M.R.S.A. § 2184(1) (Pamph.1993), *repealed by* P.L.1993, ch. 683, § A–1 (effective Jan. 1, 1995) (Class E).[1]  Harris contends that

---

1. 29 M.R.S.A. § 2184(1) provides, in pertinent part:

§ 2184. Driving while license or registration suspended or revoked

1. Offense; penalty. A person may not operate a motor vehicle on any public way or parking area in this State at a time when that person's license or permit to operate, right to operate or right to apply for or obtain a license or permit has been suspended or revoked when that person:

A. Has received written notice of a suspension or revocation pursuant to section 1312–D, subsection 1, or section 2241–H or other written notice from the Secretary of State;

B. Has been orally informed of the suspension or revocation by a law enforcement officer who is aware of the information as a result of records maintained by the Secretary of State, including those obtainable by telecommunications;

the Secretary of State rendered his license suspension void *ab initio* when it removed the suspension pursuant to 29 M.R.S.A. § 1312(2) (Pamph.1993), *repealed by* P.L. 1993, ch. 683, § A–1 (effective Jan. 1, 1995).[2] We disagree and affirm the judgment.

[¶ 2] Harris was arrested for operating under the influence ("OUI") in violation of 29 M.R.S.A. § 1312–B (Pamph.1993), *re- pealed by* P.L.1993, ch. 683, § A–1 (effective Jan. 1, 1995),[3] and refused to take a blood-alcohol test. Twenty-five days later, the Secretary of State suspended Harris's driving privileges for failing to comply with his statutory duty to submit to a chemical test pursuant to 29 M.R.S.A. § 1312. Two days after the suspension, Harris was arrested for OAS. After an administrative hearing on the suspension held subsequent to Harris's arrest, the

---

> C. Has actual knowledge of the suspension or revocation;
> D. Is a person to whom written notice was sent in accordance with section 2241, subsection 4; or
> E. Has failed to answer or appear in court pursuant to any notice or order specified in section 2301–A or 2301–B.
> . . . .
> Violation of this section is a Class E crime.
>
> For the current version of this statute, see 29–A M.R.S.A. § 2412–A (1996 & Supp.1998).

**2.** 29 M.R.S.A. § 1312(2) (emphasis added) provides:

> § 1312. Implied consent to chemical tests; general provisions applicable to prosecution for operating under the influence of intoxicating liquor or drugs or with excessive blood-alcohol
> . . . .
> 2. Hearing. The Secretary of State, upon the receipt of a written statement under oath from a law enforcement officer, stating that the officer had probable cause to believe that a person was operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor or drugs, and that the person failed to comply with the duty to submit to a chemical test, shall immediately notify the person, in writing, as provided in section 2241, that the person's license or permit, right to operate and right to apply for or obtain a license have been suspended. The suspension is a period of 180 days the first time the person fails to comply with the duty to submit to the test and one year for each subsequent failure to comply with the duty to submit to the test within a 6–year period. The written statement shall be sent to the Secretary of State within 72 hours of the failure to comply with the duty to submit to the chemical test, excluding Saturdays, Sundays and holidays. If the statement is not sent within this time period, the Secretary of State shall nevertheless impose the suspension for failing to comply with the duty to submit to a test, unless the delay has prejudiced the person's ability to prepare or participate in the hearing described in this subsection.
> If such person desires to have a hearing, that person shall notify the Secretary of State within 10 days, in writing, of such desire. *Any suspension remains in effect pending the outcome of such hearing, if requested.*
> The scope of such a hearing is to determine whether there was probable cause to believe that the individual was either attempting to operate or was operating under the influence of intoxicating liquor or drugs and whether that individual failed to comply with the duty to submit to one of the chemical tests upon the request of a law enforcement officer. Any suspension in effect shall be removed if, after hearing, it is determined that the person who failed to submit to the test would not have failed to submit but for the failure of the law enforcement officer to give either or both of the warnings required by subsection 1.
> If it is determined, after hearing, that there was not probable cause to believe that such person was either attempting to operate or was operating under the influence of intoxicating liquor or drugs or that the person did not fail to comply with the duty to submit to a chemical test, *any suspension in effect shall be removed immediately.*
> *If it is determined, after a hearing, that any suspension in effect should be removed, the Secretary of State shall delete any record of the suspension and any record of revocation of consent from that person's driving record.* For the purposes of this section, a prior refusal or revocation of consent to submit to a chemical test is a prior refusal or revocation of consent if it occurred within a 6–year period of the date of the most recent refusal or revocation of consent.
>
> For the current version of this statute, see 29–A M.R.S.A. §§ 2521–2522 (1996 & Supp. 1998).

**3.** For the current version of this statute, see 29–A M.R.S.A. § 2411 (1996 & Supp.1998).

Hearing Examiner for the Secretary of State's Bureau of Motor Vehicles "rescinded"[4] the suspension because the police officer failed to appear at the hearing. This appeal followed the entry of a judgment on a jury verdict finding Harris guilty on the OAS charge.

▆ [¶ 3] The sole issue before us is one of statutory construction. "Statutory interpretation is a matter of law, and we review the trial court's decision *de novo*." *Estate of Jacobs*, 1998 ME 233, ¶ 4, 719 A.2d 523, 524 (italics added). "If the meaning of the language is plain, we must interpret the statute to mean exactly what it says."[5] *Marsella v. Bath Iron Works Corp.*, 585 A.2d 802, 803 (Me.1991) (quotations omitted). "Where the statutory language is plain and unambiguous, there is no occasion for resort to rules of statutory interpretation to seek or impose another meaning." *Marsella*, 585 A.2d at 803 (quotations omitted). "[N]othing in a statute may be treated as surplusage if a reasonable construction applying meaning and force is otherwise possible." *Struck v. Hackett*, 668 A.2d 411, 417 (Me.1995) (quotations omitted).

▆ [¶ 4] Section 1312(2) of Title 29 states unambiguously that a license suspension "remains in effect pending the outcome of [a] hearing." 29 M.R.S.A. § 1312(2). The Legislature has used the word "pending" in section 1312(2) as a *preposition* (*i.e.*, "pending the outcome"), rather than an *adjective* (*e.g.*, a pending suit).[6] The preposition "pending" means "[w]hile awaiting; until." THE AMERICAN HERITAGE COLLEGE DICTIONARY (3rd ed.1993). Given the plain meaning of the word "pending" within its statutory context, a license suspension remains in effect *until* the outcome of a hearing, even if the Hearing Examiner decides to remove the suspension after the hearing. *See* 29 M.R.S.A. § 1312(2); *cf. LaRochelle v. Crest Shoe Co.*, 655 A.2d 1245, 1247 (Me. 1995) (examining phrase "pending appeal"). A contrary interpretation would render extraneous the term "in effect," which appears no less than four times within section 1312(2). *See Struck*, 668 A.2d at 417; 29 M.R.S.A. § 1312(2). Further, if the Legislature had intended for the removal of a suspension to render the suspension void *ab initio*, it would have been a simple matter to provide for that result. The Secretary of State's authority to delete any record of a removed suspension from a person's driving record does not include the authority to render the suspension void *ab initio*. *See* 29 M.R.S.A. § 1312(2).

4. Although the Hearing Officer inartfully designated his action as a "recision," the statute uses the word "removed." 29 M.R.S.A. § 1312(2).

5. However, a court can "ignore the literal meaning of phrases if that meaning thwarts the clear legislative objective." *State v. Niles*, 585 A.2d 181, 182 (Me.1990).

6. According to THE AMERICAN HERITAGE COLLEGE DICTIONARY (3rd ed.1993):(1) the *preposition* "pending" means "1. While in the process of; during. 2. While awaiting; until"; and (2) the *adjective* "pending" means "1. Not yet decided or settled; awaiting conclusion or confirmation. 2. Impending; imminent."

According to WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 868–69 (1988):(1) the *preposition* "pending" means "1. While in the process of; DURING. 2. While awaiting: UNTIL" (*e.g.*, "pending further developments"); and (2) the *adjective* "pending" means "1. Awaiting action, confirmation, or decision. 2. Impending: imminent."

According to WEBSTER'S NEW INTERNATIONAL DICTIONARY 1809 (2d ed.1960):(1) the *preposition* "pending" means "a During; through the period of continuance or indeterminacy of; as, *pending* the trial, suit, debate. b Until; from the present time until the happening of, or the conclusion or completion of; as, *pending* the decision or negotiations"; and (2) the *adjective* "pending" means "a Hanging; overhanging; hence, imminent or impending. b Not yet decided; in continuance; in suspense" (*e.g.*, "a *pending* suit"). "In modern usage, [the preposition "pending"] more frequently has the sense of *while awaiting* (an occurrence), *until the conclusion of* (an action); as, *pending* his return, *pending* the decision, *pending* the negotiations." *Id.*