1999 ME 159

**DAMARISCOTTA BANK & TRUST CO.**

v.

**Frank M. HOLMES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1999.

Decided Nov. 15, 1999.

William M. Avantaggio, Howard & Bowie Law Offices, Damariscotta, for plaintiff.

Samuel G. Cohen, Philip S. Cohen, Waldoboro, for party-in-interest Lois K. Holmes.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Damariscotta Bank & Trust Co. (Damariscotta Bank) appeals the judgment of foreclosure entered in the Superior Court (Lincoln County, *Perkins, A.R.J.*) on Damariscotta Bank's complaint for foreclosure and sale. Damariscotta Bank argues that it was error for the court to assign a third and forth priority to two of Damariscotta Bank's liens on the subject property. We disagree and affirm the judgment.

## I. CASE·HISTORY

[¶ 2] Frank Holmes, defendant in Damariscotta Bank's foreclosure action, and his ex-wife, Lois Holmes, appellee herein, were divorced by order of the District Court (Wiscasset) on July 6, 1998. At the time of the divorce, the Holmes's marital estate included two pieces of realty, a primary residence and a business property. The primary residence was encumbered by a mortgage securing a debt owed to First National Bank of Damariscotta (First National). The business property was encumbered by two mortgages. The first mortgage secured a debt owed to Clifton A. Bond and the second secured a debt owed to Damariscotta Bank. The divorce order granted the marital home to Lois and ordered Frank to sell the business property and apply the proceeds first to satisfy the debts secured by the two mortgages on the business property and then to satisfy the debt secured by First National's mortgage on the marital home. An abstract of the divorce judgment[1] was recorded in the Lincoln County Registry of Deeds on July 28, 1998, pursuant to 19–A M.R.S.A. § 953(7) (1998).[2]

[¶ 3] On September 29, 1998, Damariscotta Bank filed a complaint for foreclosure of its mortgage on the business property. Frank failed to file a responsive pleading to the complaint, and on November 11, 1998, Damariscotta Bank moved for entry of a default judgment.

[¶ 4] On or about November 19, 1998, Damariscotta Bank obtained two writs of execution on small claims judgments against Frank and filed the writs in the Lincoln County Registry of Deeds. By filing the writs, Damariscotta Bank obtained liens against the business property. *See* 14 M.R.S.A. § 4651–A (Supp.1998).[3]

[¶ 5] Prior to the hearing on Damariscotta Bank's foreclosure action, counsel for Lois entered an appearance. Following the hearing on December 10, 1998, the court granted a default judgment of foreclosure in favor of Damariscotta Bank, but directed that Damariscotta Bank and Lois submit briefs on the issue of priority in the proceeds of the sale.

[¶ 6] On February 25, 1999, the court entered its judgment and directed that the proceeds of Damariscotta's sale of the

---

1. The abstract of the judgment provides, in pertinent part:
   The proceeds from said sale are to be applied first to any indebtedness secured by mortgages on said real estate, and after payment of closing costs, the balance to be applied to the debt owed to First National Bank of Damariscotta by mortgage recorded in the Lincoln County Registry of Deeds .... Any balance shall be set aside to the Defendant.

2. 19–A M.R.S.A. § 953(7) provides:
   **7. Decree or abstract as deed.** All rights acquired under former Title 19, section 721 or 723 on or before December 31, 1971 and all rights acquired under this section by a party in the real estate of the other party are effective against a person when the decree of divorce or an abstract of the decree is filed in the registry of deeds for the county or registry district where the real estate is situated. The abstract must contain the names of the parties, the date of the decree and the court that issued the decree. The failure of a party to record the decree or an abstract of the decree within a time period prescribed by former Title 19, section 725 does not affect the rights of that party as against the other party or the other party's heirs or devisees. The recording of the decree or abstract of the decree has the force and effect of a quitclaim deed releasing all interest in the real estate described in the decree or abstract of the decree, whether the interest is in fee or by statute. 19–A M.R.S.A. § 953(7) (1998).

3. 14 M.R.S.A. § 4651–A(1) provides, in pertinent part:
   **4651–A. Execution liens**
   **1. Lien on real estate.** The filing of an execution duly issued by any court of this State or an attested copy thereof with a registry of deeds within one year after issuance of the execution shall create a lien in favor of each judgment creditor upon the right, title and interest of each judgment debtor in all real estate against which a mortgage would be duly perfected if filed in the registry and which is not exempt from attachment and execution.
   14 M.R.S.A. § 4651–A (Supp.1998).

business property be distributed as follows: (1) to Clifton A. Bond in the amount of the debt owed to him on the business property; (2) to Damariscotta Bank in the amount of its loan plus interest secured by its mortgage on the business property, with costs; (3) to First National in the amount of its loan secured by the mortgage on the marital home; (4) to Damariscotta Bank in the amount of the first lien in the business property; (5) to Damariscotta Bank in the amount of the second lien in the business property; and (6) to Frank.

[¶ 7] Damariscotta Bank contends that recording the abstract of the divorce judgment did not create a lien against the business property and, therefore, the interest of Lois and First National created by the divorce court's judgment is subordinate to Damariscotta Bank's interest created by its subsequent recording of its writs of execution.

## II. DISCUSSION

[¶ 8] Statutory interpretation is a matter of law. *See State v. Harris,* 1999 ME 80, ¶ 3, 730 A.2d 1249, 1251. We review questions of law *de novo. See id.; King v. Town of Monmouth,* 1997 ME 151, ¶ 9, 697 A.2d 837, 840.

[¶ 9] Title 19–A M.R.S.A. § 953(7) provides, "*All rights* acquired ... under this section by a party in the real estate of the other party are effective against *a person* " when the abstract is recorded in the registry of deeds. *See* 19–A M.R.S.A. § 953(7) (emphasis added). We must, therefore, address whether the term "all rights" encompasses more rights than title

to property and whether "a person" includes within its meaning third parties such as Damariscotta Bank.[4]

[¶ 10] Because the statutory language is plain and unambiguous, there is no need to resort to rules of statutory interpretation to determine its meaning. *See State v. Harris,* 1999 ME 80, ¶ 3, 730 A.2d 1249, 1251; *Marsella v. Bath Iron Works Corp.,* 585 A.2d 802, 803 (Me.1991). We construe the term "all rights" in accordance with its plain meaning and hold that among the rights protected by the recording of an abstract of a divorce judgment, pursuant to 19–A M.R.S.A. § 953(7), is the right of a party to recover his or her equity or interest in property as created by a judgment of divorce. We similarly construe the term "a person" in accordance with its plain meaning and hold that such recording is effective against not only the parties subject to the divorce judgment's mandate, but also against third parties. There would be little purpose in recording an abstract of judgment, pursuant to the statute, if the notice provided by such recording affected only the rights of the parties to the divorce. Section 953(7) provides parties to a divorce with an effective means of protecting their interests in real property, as established by a decree or judgment of divorce, and prevents these rights from being compromised by the later acts or omissions of an adverse party. Thus, we hold that by recording an abstract of the judgment of divorce, Lois and First National acquired a priority in the proceeds of the foreclosure sale as indicated in the judgment and ahead of Damariscotta Bank's subsequent liens against the property acquired pursuant to 14 M.R.S.A.

4. Lois Holmes and Damariscotta Bank suggest that *Fitzgerald v. Trueworthy,* 476 A.2d 183 (Me.1984), controls the resolution of this case. In *Fitzgerald,* we held that a properly recorded divorce judgment mandating that the wife sell the marital residence upon the conclusion of the children's secondary educations, imposed on the wife an in personam obligation to effect a sale and distribute half of the proceeds to the husband's estate regardless of the fact that the husband died before the children's graduation, and his death triggered the wife's survivorship right as a joint tenant. *See id.* at 185–86. Thus, *Fitzgerald* concerned only the impact that recording of the judgment had on the wife, who was personally subject to the divorce court's mandate. *Fitzgerald* did not concern what effect recording has on the rights of subsequent creditors of the titled spouse in property held by that spouse pending a judicially mandated sale.

§ 4651–A. Accordingly, we find no error in the court's judgment.

The entry is:

Judgment affirmed.