2010 ME 10

### ESTATE OF Joan A. ANDERSON.

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 28, 2010.

Decided: Feb. 16, 2010.

---

Robert Marks, Esq., Washington, ME, for Robert A. Anderson.

William N. Palmer, Esq., Gray & Palmer, Bangor, ME, for the Estate of Joan A. Anderson.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

GORMAN, J.

[¶ 1] Robert A. Anderson appeals from a judgment entered in the Penobscot County Probate Court (*Woodcock, J.*) denying his claim against the Estate of his mother, Joan A. Anderson. Robert contends that the court erred in determining the ownership of joint bank accounts he held with Joan, in finding that the Estate was not unjustly enriched by Robert's provision of care to Joan, and in denying Robert's request for attorney fees. We affirm in part and vacate in part.

## I. FACTS AND PROCEDURE

[¶ 2] The Probate Court found the following facts, which are supported by competent record evidence. Robert is a forty-five-year-old carpenter who has lived with and depended on his parents for all of his life, aside from the time he spent in college and in the military. Although he was ex-

pected to pay his parents a weekly rent, Robert was sometimes unable to pay that amount and would catch up on the amount owed when he had the money. He also shared in household expenses periodically, by purchasing groceries or doing household chores. Robert did not own his own vehicle, but used the "family" vehicle and reimbursed his parents for the cost of insurance.

[¶ 3] By 2006, his parents' health began declining, and Robert performed many of the day-to-day household chores, including laundry, running errands, and cooking. Robert also declined any jobs that required him to travel too far from home because he did not want to leave his parents. Robert's siblings also assisted with their parents' care.

[¶ 4] Robert's father died in June of 2007. Soon thereafter, Joan and Robert opened two joint bank accounts: a certificate of deposit valued at $30,000, and a checking account valued at $7468. Later, just before her death, Joan executed a will directing that all joint accounts held with Robert were "held jointly for the convenience of administration" of her day-to-day finances and were "specifically not to be gifted to Robert A. Anderson."

[¶ 5] Joan died on September 20, 2007, with five surviving adult children. On June 30, 2008, Joan's will was admitted to probate and Robert's sister, Janet E. Anderson–Murch, was appointed personal representative of her Estate according to the terms of the will.[1]

[¶ 6] Robert filed a claim against the Estate pursuant to 18–A M.R.S. § 3–804 (2009) seeking payment for his services in caring for his parents, for reimbursement of expenses, and for the loss of income he sustained while caring for them. The court conducted a testimonial hearing in

March of 2009, during which Robert advanced several theories to establish his entitlement to payment from the Estate, including unjust enrichment. Robert also sought the amounts he held in joint bank accounts with Joan, and requested payment of his attorney fees by the Estate. The court issued a judgment in favor of the Estate as to all of Robert's claims. Robert timely appeals.

## II. DISCUSSION

### A. Joint Bank Account

[¶ 7] Robert first challenges the court's finding that the joint bank accounts he held with Joan are now the property of the Estate. We review the court's factual findings for clear error, and the court's ultimate application of the law to those facts de novo. *Estate of Miller*, 2008 ME 176, ¶ 9, 960 A.2d 1140, 1142.

[¶ 8] It is undisputed that the accounts in question are joint accounts held by Robert and Joan with a right of survivorship. As such, there is a statute directly on point that requires: "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created." 18–A M.R.S. § 6–104(a) (2009). In this matter, the court made no finding that Joan and Robert intended a different result at the time they opened the accounts, and the record is devoid of any such evidence.

[¶ 9] Although Joan, in her will, purported to reserve for the Estate the sums in the joint accounts, that reservation was ineffective as a matter of law. Section 6–104 specifically states that "[a] right of

---

1. The matter was originally filed in the Waldo County Probate Court, but was later trans-

ferred to the Penobscot County Probate Court.

survivorship arising from the express terms of the account or under this section ... cannot be changed by will." 18–A M.R.S. § 6–104(e) (2009). We have also previously held that a subsequently executed will cannot prevent a joint account from passing to the surviving account holder because the will does not constitute evidence of a different intent *at the time the account was created. Miller*, 2008 ME 176, ¶ 21, 960 A.2d at 1145. In short, as joint account holder for accounts with a right of survivorship, Robert is entitled to all amounts in those joint accounts he held with Joan as of the date of Joan's death as his sole property. The court's judgment assigning those accounts to the Estate is vacated, and the matter is remanded to the Probate Court for entry of a judgment awarding the joint accounts to Robert.[2]

### B.   Unjust Enrichment

[¶ 10]   Next, Robert challenges the court's judgment in favor of the Estate on his claim for unjust enrichment. We have consistently held that a claim for unjust enrichment is established with proof that (1) the claimant "conferred a benefit on" the receiving party, (2) the receiving party "had appreciation or knowledge of the benefit," and (3) "acceptance or retention of the benefit was under circumstances that make it inequitable for [the receiving party] to retain the benefit without payment of its value." *Id.* ¶ 29, 960 A.2d at 1147. The court's findings as to each element are reviewed for clear error. *Id.* ¶ 9, 960 A.2d at 1142.

[¶ 11]   The court issued adequate findings that make clear that, pursuant to

the elements of unjust enrichment as discussed in our prior decisions, Robert failed to persuade the court that he is entitled to compensation from the Estate on this basis. More particularly, the court found that although Joan benefited from Robert's care during her final years, and was aware of that benefit, "this benefit did not require compensation and did not result in any injustice." [3]   These findings, supported by competent evidence in the record, are sufficient to support the court's determination that Robert is not entitled to payment from the Estate pursuant to unjust enrichment principles, and we therefore affirm that portion of the court's judgment.

[¶ 12]   Finally, we remand the matter to the Probate Court for reconsideration of Robert's request for attorney fees based on Robert's successful claim against the Estate regarding his entitlement to the joint bank accounts.

The entry is:

Judgment vacated and remanded for entry of a judgment finding that the joint bank accounts held by Robert and Joan are now Robert's sole property, and for reconsideration of Robert's request for attorney fees. Judgment affirmed in all other respects.

---

2.   The court found that the joint certificate of deposit account that Robert held with Joan has already been turned over to Robert.

3.   Although the court improperly relied on the similar, though not identical, elements of unjust enrichment as set forth in a secondary source, that error does not affect the outcome

of this case because the court's specific factual findings demonstrate that Robert failed to establish the elements of unjust enrichment as set forth in our prior decisions. Such claims should be considered according to our prior decisions, *e.g., Estate of Miller*, 2008 ME 176, ¶ 29, 960 A.2d 1140, 1147, rather than according to secondary sources.