STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-16-241

NELL SUTHERLAND, individually and
as Personal Representative of the Estate of
Scott Sutherland,

Plaintiff

v.

ORDER

MAINE PUBLIC EMPLOYEES RETIREMENT
SYSTEM, et al.,

Defendants

STATE OF MAINE
Cumberland. ss, Clerk's Office

NOV 28 2016

RECEIVED

This lawsuit concerns claims by Nell Sutherland, individually and as Personal representative of the Estate of Scott Sutherland, arising out of certain life insurance proceeds and pre-retirement death benefits that were paid to Scott's ex-wife, Diane Sutherland. In addition to her role as the Personal Representative of Scott's Estate, Nell Sutherland was married to Scott Sutherland when he died. Diane Sutherland was paid the life insurance proceeds and pre-retirement death benefits because, even after Diane and Scott were divorced, Diane remained as Scott's designated beneficiary for those benefits.

Plaintiff has asserted claims against MainePERS, against Lori Ann Garside,[1] against Aetna, and against Diane. All have moved to dismiss.

For purposes of a motion to dismiss, the material allegations of the complaint must be taken as admitted. *Ramsey v. Baxter Title Co.*, 2012 ME 113 ¶ 2, 54 A.3d 710. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. *Bisson v. Hannaford Bros. Co., Inc.*, 2006 ME 131 ¶ 2, 909 A.2d 1010. Dismissal is appropriate

---

[1] The complaint alleges that Ms. Garside is employed by MainePERS as a Survivor Services Specialist.

only when it appears beyond doubt that the plaintiff is not entitled to relief under any set of facts that she might prove in support of her claim. *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶ 7, 843 A.2d 43. However, a plaintiff may not proceed if the complaint fails to allege essential elements of the cause of action. *See Potter, Prescott, Jamieson & Nelson P.A. v. Campbell,* 1998 ME 70 ¶¶ 6-7, 708 A.2d 283.

As discussed below, a number of the documents that are central to plaintiff's claims are attached to the complaint and the court can therefore consider those documents in considering whether the complaint states cognizable claims. *Moody v. State Liquor & Lottery Commission,* 2004 ME 20 ¶¶ 9-10.

## Count 1 - Plaintiff's Breach of Fiduciary Duty Claim

In Count One of the complaint plaintiff asserts a claim for breach of fiduciary duty against MainePERS, Garside, Aetna, and Diane. A fiduciary relationship requires (1) the actual placing of trust and confidence by the plaintiff in the alleged fiduciary and (2) a great disparity or power and influence. A sufficient disparity of power and influence may be demonstrated by diminished physical or emotional capacity on the part of plaintiff or by a letting down of all guards and defenses. *See Oceanic Inn Inc. v. Sloan's Cove LLC,* 2016 ME 34 ¶ 18, 133 A.3d 1021.

The complaint does not contain any factual allegations that would support the existence of a fiduciary relationship between either Nell or the Estate and any of the defendants. As discussed below, MainePERS and Aetna may have had a contractual relationship with the Estate, but this does not translate into a fiduciary relationship.

Count One of plaintiff's complaint is therefore dismissed.

2

## Count 2 – Plaintiff's Contract Claim

Count Two of the complaint alleges breach of contract against MainePERS and Aetna. Nell Sutherland does not allege that she had any contractual relationship in her individual capacity with MainePERS or Aetna, so this claim can only be pursued by the Estate.

Both Maine PERS and Aetna argue that even if a contractual relationship existed with the Estate, there was no breach of contract because they were statutorily obligated pursuant to 5 M.R.S. §§ 17952 and 18057 to pay the life insurance and the pre-retirement death benefits to Scott's designated beneficiary. The documents by which Scott Sutherland designated Diane as the beneficiary for both life insurance benefits and pre-retirement death benefits are attached as Exhibit 3 to the complaint.

Plaintiff argues that those designations were superseded by provisions of the Divorce Judgment and Divorce Settlement Agreement between Scott and Diane which are attached to the complaint as Exhibit 5. Because the beneficiary designations and the Divorce Judgment and Divorce Settlement Agreement are central to the Estate's claim, the court can consider them in connection with the motion to dismiss. *See Moody v. State Liquor and Lottery Commission*, 2004 ME 20 ¶¶ 9-10.

First, neither MainePERS nor Aetna were parties to the Divorce Judgment and Settlement Agreement between Scott and Diane, and the Estate cannot pursue a contract claim against MainePERS or Aetna based on an alleged violation of the Divorce Judgment and Settlement Agreement.

The remaining question is whether, as a result of Divorce Judgment and the Divorce Settlement Agreement, MainePERS and Aetna were obliged to conclude that Scott's designation of his ex-wife was no longer operative. In *Life Insurance Co. of North America v. Jackson*, 475 A.2d 1150, 1151 (Me. 1984), the Law Court ruled that "[t]he mere fact that the named beneficiary has been divorced from the insured does not affect the beneficiary's rights to the insurance proceeds." In that case the Court found that the divorce decree was not sufficiently

3

comprehensive to divest the named beneficiary of her expectancy interest in insurance proceeds. *Id.*

The Estate argues that a contrary conclusion should be reached in this case. It relies on a provision in the Divorce Settlement Agreement stating that each party relinquishes the right to share in the estate of the other party upon the latter's death. Divorce Settlement Agreement ¶ 10(A). The problem with this argument is that the Probate Code defines a decedent's augmented estate and provides that "nothing herein shall cause to be included in the augmented estate any life insurance, accident insurance, joint annuity, or pension payable to a person other than the surviving spouse." 18-A M.R.S. § 2-202(1) (emphasis added). As a result, while Diane relinquished any claim to share in the estate, she did not relinquish her right to life insurance and pre-retirement pension death benefits as a designated beneficiary. *Life Insurance Co. of North America v. Jackson,* 475 A.2d at 1151.

In this connection, it is also notable that according to plaintiff's complaint, Scott Sutherland designated his ex-wife Diane as the beneficiary of his pre-retirement death benefits four years after the divorce. Complaint ¶¶ 8-9. Scott was obliged under paragraph 3 of the Divorce Settlement Agreement to maintain life insurance payable to Diane for the benefit of two of Diane's children.

As a result, even assuming that MainePERS and Aetna were obligated to take the provisions of the divorce judgment into account, those provisions do not alter the conclusion that the statutory provisions requiring payment to Diane as the designated beneficiary control here. This is true regardless of whether Scott simply forgot to change his designated beneficiary after re-marrying and after Diane's children reached the age of 18 or whether for some reason Scott chose to continue his prior designation.

4

Because Plaintiff's breach of contract claims are premised solely on the Divorce Judgment and Divorce Settlement Agreement, Count 2 of her complaint fails to state a claim upon which relief may be granted.[2]

Counts 3 and 4 – Plaintiff's IIED and NIED Claims

Counts Three and Four of plaintiff's complaint assert claims for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED) against MainePERS, Garside, and Aetna.

The short answer to plaintiff's IIED claim is that nothing in the complaint alleges conduct that could conceivably rise to the level of being "so extreme and outrageous as to exceed all possible bounds of decency and . . . be regarded as atrocious, utterly intolerable in a civilized community.' See Curtis v. Porter, 2001 ME 158 ¶ 10, 784 A.2d 18. The short answer to plaintiff's NIED claim is that freestanding NIED claims are only recognized when brought by bystanders or by persons in a special relationship with the defendant. Id. ¶ 19. The complaint does not alleges that Nell or the Estate were bystanders to any tortious activity and for the reasons discussed above in connection with Count 1, they have failed to adequately plead the existence of a special relationship.

In connection with her claims against Garside, plaintiff appears to focus on the fact that Garside delayed in providing certain documents requested by counsel for plaintiff. However, the complaint alleges and the documents attached to the complaint confirm that – before any benefits were paid – Garside informed counsel for plaintiff that Diane was the designated beneficiary for both life insurance and pre-retirement death benefits, that plaintiff could contest Diane's claim to life insurance directly with Aetna, and that the pre-retirement death benefits would be offered to Diane once those were calculated. Complaint ¶ 17 & Ex. 4. Plaintiff does not allege that she filed

---

[2] Plaintiff speculates that a subsequent beneficiary may have been designated and asks for discovery to determine if there are any alternative grounds on which the Estate may proceed. However, a party is not entitled to discovery to engage in a fishing expedition to determine whether a cognizable claim exists.

any appeal with Aetna, and she did not file a request for injunctive relief to prevent payment of pre-retirement death benefits by Maine PERS. Garside did not owe any duty to plaintiff to stay the payment of benefits just because plaintiff's counsel had stated that he expected that a resolution would be reached before benefits were paid.

Accordingly, Counts 3 and 4 of the complaint are dismissed for failure to state a claim.


Count 6 – Plaintiff's Unjust Enrichment Claim Against Diane

In Count 6 of the complaint plaintiff asserts an unjust enrichment claim against Diane based on her receipt of the life insurance proceeds and pre-retirement death benefits. To succeed on a claim for unjust enrichment, (1) the plaintiff must have conferred a benefit on the defendant, (2) the defendant must have had appreciation or knowledge of the benefit, and (3) acceptance or retention of the benefit was under circumstances that make it inequitable for the defendant to retain the benefit without paying its value. *Estate of Anderson,* 2010 ME 10 ¶ 10, 988 A.2d 977. At the outset, plaintiff does not allege that in her individual capacity she conferred any benefit on Diane, so this is also a claim that may only be pursued by the Estate.

The Estate premises its claim of unjust enrichment on the Divorce Judgment and Divorce Settlement Agreement between Scott and Diane. As discussed above in connection with Count 2, the provisions of the Divorce Judgment and the Divorce Settlement Agreement do not extinguish Diane's right to receive life insurance and pre-retirement death benefits as a designated beneficiary.

Accordingly, Diane's acceptance of the life insurance and pre-retirement death benefits cannot be found to be inequitable, and Count 6 fails to state a cognizable claim.


Count 7 – Plaintiff's Conversion Claim against Diane

Count 7 of the complaint asserts a conversion claim against Diane. To establish a claim for conversion, the Estate must show an invasion of the Estate's possession or right to possession

of certain property by demonstrating (1) that the Estate had a property interest in the insurance proceeds and pre-retirement death benefits and (2) that it had the right to possess the insurance proceeds and death benefits at the time of the alleged conversion. *Mitchell v. Allstate Insurance Co.*, 2011 ME 133 ¶ 15, 36 A.3d 876.[3]

As discussed above, the claim that the Estate had a property interest in the life insurance and the pre-retirement death benefits by virtue of the Divorce Judgment and the Divorce Settlement Agreement is not viable in light of the discussion above and the statutes requiring payment to a designated beneficiary. As a result, Count 7 shall be dismissed for failure to state a cognizable claim.

Count 8 – Plaintiff's Quantum Meruit Claim against All Defendants

Count 8 of the complaint asserts a quantum meruit claim against all defendants. A valid claim in quantum meruit requires that (1) services were rendered to the defendant by the plaintiff, (2) with the knowledge and consent of the defendant, and (3) under circumstances that make it reasonable for the plaintiff to expect payment. *Howard & Bowie P.A. v. Collins*, 2000 ME 148 ¶ 17, 759 A.2d 707. In this case plaintiff does not allege that services were provided to any defendant by either the Estate or by plaintiff in her individual capacity. Accordingly, the quantum meruit claim falls of its own weight.

Count 9 – Negligence Claim Against All Defendants

In Count 9 of the complaint plaintiff alleges that the defendants were negligent because defendants MainePERS, Garside, and Aetna failed to research the marital status of Scott Sutherland at the time of his death and that Diane was negligent in failing to inform MainePERS and Aetna of her divorced status.

---

[3] If the holder of the property has acquired the property rightfully, there must also be a demand by the person entitled to possession and a refusal by the holder to surrender. *Id.*

7

In order for a party to be found negligent, there has to be a breach of a duty of care. *Camden National Bank v. Crest Construction Inc.,* 2008 ME 113 ¶ 10, 952 A.2d 213. Although negligence is an issue of fact, the existence of a duty and the scope of that duty are questions of law. *Alexander v. Mitchell*, 2007 ME 108 ¶ 14, 930 A.2 1016.

In this case, accepting the factual allegations in the complaint, the court cannot find that MainePERS, Garside, Aetna, or Diane had any legal duty to exercise reasonable care toward the Estate or plaintiff individually that could conceivably form the basis for a claim of negligence. As noted above, the obligations of MainePERS and Aetna are governed by their contracts and by the relevant statutes – including the requirement that payments be made to a decedent's designated beneficiary. If the relevant contractual and statutory obligations had been breached, the Estate might have had a claim for breach of contract, but it would not have had any right to recover for negligence. *See Stull v. First America Title Insurance Co.,* 2000 ME 21 ¶ 14, 745 A.2d 975. Accordingly, Count 9 is dismissed for failure to state a claim.[4]

The entry shall be:

The motions to dismiss by defendants MainePERS, Lori Ann Garside, Aetna Life Insurance Co., and Diane Sutherland are granted, and the complaint is dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: November 28, 2016

Thomas D. Warren
Justice, Superior Court

---

[4] Count 5 of the complaint seeks punitive damages against MainePERS, Garside, and Aetna. However, a claim for punitive damages is not a separate tort but a remedy that may be available if a defendant is found to have engaged in tortious conduct and plaintiff can also prove by clear and convincing evidence that a defendant acted with malice or that the defendant's conduct was so outrageous that malice should be implied. Punitive damages are not available for breach of contract. Because all of plaintiff's tort claims against MainePERS, Aetna, and Garside have been dismissed, her claim for punitive damages is dismissed as well.