STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-2022-304

FRANCIS ALBERT,

        Plaintiff,

v.

ERIC S. LEVITT,

        Defendant.

)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTION FOR PARTIAL
SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Francis Albert's Motion for Partial Summary Judgment, which is opposed by Defendant Eric S. Levitt. For the following reasons, the Court denies the motion.

## I.    Facts

At some point in or about 2019, Mr. Levitt became acquainted with Mr. Albert through the Belfast Municipal Airport, where they both flew.[1] (Def.'s S.A.M.F. ¶ 1.) At the time that Mr. Albert and Mr. Levitt met, Mr. Levitt was working as the CEO of Square Robot, Inc., a company that Mr. Levitt founded. (Def.'s S.A.M.F. ¶ 9.) Mr. Levitt was working to raise the last $1,000,000 of a $7,000,000 fundraising goal. (Def.'s S.A.M.F. ¶ 16.)

One day, Mr. Albert asked Mr. Levitt about his business, and Mr. Levitt told him about the ongoing offering. (Def.'s S.A.M.F. ¶ 17.) Mr. Albert asked to invest in the

---

[1] Mr. Albert did not file a reply to respond to Mr. Levitt's Statement of Additional Material Facts. Accordingly, all properly supported facts in the Statement of Additional Material Facts are deemed admitted. The Court, however, cautions Mr. Levitt and his counsel that his seventy-eight-paragraph statement of additional material facts in response to Mr. Albert's nine-paragraph statement of material facts veers close to the edge of what the Court is willing to entertain. *See Oceanic Inn, Inc. v. Sloan's Cove, LLC,* 2016 ME 34, ¶ 4 n.2, 133 A.3d 1021 (noting that the lower court could have properly disregarded the opposing party's 145-paragraph statement of additional material facts, when the moving party's statement of material facts numbered only eighteen paragraphs).

REC'D CUMB CLERKS OFC
OCT 10 '23 AM 11:16

company. (Def.'s S.A.M.F. ¶ 19.) Mr. Albert decided to purchase the remaining 35,568 Class B shares at $25.90 per share. (Def.'s S.A.M.F. ¶¶ 20, 21.)

Over the summer of 2020, conflict developed among the board of Square Robot, venture capitalists who had provided funding, and Mr. Levitt. (Def.'s S.A.M.F. ¶ 22.) As a result of the conflict, Mr. Levitt left Square Robot. (Def.'s S.A.M.F. ¶ 23.) In October 2020, the board of Square Robot devalued the company, offering Class C shares at $0.65 per share. (Def.'s S.A.M.F. ¶ 24.) From August 2020 to November 2020, Mr. Albert and Mr. Levitt were working together to try to purchase Square Robot. (Def.'s S.A.M.F. ¶ 26.) They were unsuccessful. (Def.'s S.A.M.F. ¶ 27.)

Square Robot provided notice to shareholders of their preemptive rights to purchase shares in the new offering. (Def.'s S.A.M.F. ¶ 30.) Mr. Albert proposed to fund the purchase of all of the shares to which Mr. Albert, Mr. Levitt, and a third shareholder, Duncan Matlack, were entitled. (Def.'s S.A.M.F. ¶ 33.)

On November 30, 2020, Mr. Albert wired $1,016,611.27 to Mr. Levitt and $476,779.40 to Duncan Matlack. (Pl.'s Supp'g S.M.F. ¶ 4; Def.'s Resp. Pl.'s Supp'g S.M.F. ¶ 4.; Def.'s S.A.M.F. ¶ 34.) No documents related to any terms controlling that money were created at that time. (Def.'s S.A.M.F. ¶ 35.) The agreement was that at some indeterminate point in the future, when a profit could be realized, the shares would be sold. (Def.'s S.A.M.F. ¶ 37.) Mr. Albert and Mr. Levitt would split any profit that was realized equally. (Def.'s S.A.M.F. ¶ 39.)

Mr. Levitt purchased the shares to which he had preemptive rights. (Def.'s S.A.M.F. ¶ 40.) Mr. Levitt has not subsequently sold any shares or realized any proceeds. (Def.'s S.A.M.F. ¶¶ 41-42.) Today, the booked value of the shares is $0.06 per share. (Def.'s S.A.M.F. ¶ 43.) Selling the shares today would not realize any proceeds. (Def.'s S.A.M.F. ¶ 45.)

On September 14, 2021, Mr. Albert demanded that Mr. Levitt produce an agreement related to the purchase and anticipated sale of the Square Robot stock. (Def.'s S.A.M.F. ¶ 54.) Mr. Levitt drafted a Memorandum of Understanding (the "MOU") at Mr. Albert's direction. (Def.'s S.A.M.F. ¶ 55.) Mr. Levitt signed the MOU on September 14, 2021. (Pl.'s Supp'g S.M.F. ¶ 3.) The more formal instrument anticipated and called for in the MOU was never presented to Mr. Levitt for ratification. (Def.'s S.A.M.F. ¶ 60.)

The MOU provides that Mr. Albert advanced Mr. Levitt funds to purchase stock shares in Square Robot. (Pl.'s Supp'g S.M.F. ¶ 5.) The MOU provides that Mr. Levitt shall repay Mr. Albert the funds. (Pl.'s Supp'g S.M.F. ¶ 6.) Following repayment, Mr. Levitt and Mr. Albert were to split equally any proceeds realized from the Square Robot stock. (Pl.'s Supp'g S.M.F. ¶ 7.) To date, Mr. Levitt has not repaid Mr. Albert the loan funds nor shared proceeds from Square Robot stock with Mr. Albert. (Pl.'s Supp'g S.M.F. ¶ 8.)

On January 17, 2023, Mr. Albert served Mr. Levitt with Request for Admissions, First Set of Interrogatories, and Requests for Production of Documents. (Pl.'s Supp'g S.M.F. ¶ 1.) Mr. Levitt failed to respond to any of Mr. Albert's discovery requests. (Pl.'s Supp'g S.M.F. ¶ 2.)

## II.  Summary Judgment Standard

Summary judgment is appropriate "if the summary judgment record, taken in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact in dispute and the moving party would be entitled to a judgment as a matter of law at trial." *Chartier v. Farm Fam. Life Ins. Co.*, 2015 ME 29, ¶ 6, 113 A.3d 234; *see* M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a 'genuine issue' when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Toto v. Knowles*, 2021 ME 51, ¶ 8, 261 A.3d 233 (quoting *Stewart-Dore v. Webber Hosp. Ass'n*, 2011 ME 26, ¶ 8, 13 A.3d 773). When the

plaintiff is the moving party, "the plaintiff has the burden to demonstrate that each element of its claim is established without dispute as to material fact within the summary judgment record." *Cote Corp. v. Kelley Earthworks, Inc.*, 2014 ME 93, ¶ 8, 97 A.3d 127 (quoting *Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015).

The summary judgment record consists only of the parties' properly supported statements of material fact and the portions of the record referenced therein. *See Dorsey v. N. Light Health*, 2022 ME 62, ¶ 10, 288 A.3d 386. To controvert a party's statement of fact, an opposing party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2).

## III. Discussion

Mr. Albert moves for summary judgment on the counts of his Complaint that concern the MOU, Counts I and II. He does not move for summary judgment on Counts III and IV, which concern a $50,000 loan.

### A. Count I: Breach of Contract

To establish a valid contract, a party must show consideration and mutual assent to be bound by the material terms of the agreement. *Tobin v. Barter*, 2014 ME 51, ¶ 9, 89 A.3d 1088 (quoting *Sullivan v. Porter*, 2004 ME 134, ¶ 13, 861 A.2d 625). To obtain relief for breach of contract, the plaintiff must demonstrate that the defendant breached a material term of the contract, and that the breach caused the plaintiff to suffer damages. *Id.* ¶ 10.

Mr. Albert argues that he is entitled to repayment pursuant to the MOU of $1,016,611.27. He argues that because Mr. Levitt failed to timely respond to the Requests for Admission, the content of the Requests is deemed admitted. *See* M.R. Civ. P. 36(a).

Mr. Albert, however, misrepresents the content of the Request for Admission.

They do not, in fact, call for Mr. Levitt to "admit that he owes Mr. Francis [sic] repayment of the Loan Funds in the amount of $1,106,611.27." (Pl.'s Mot. Partial Summ. J. 3.) Rather, they call for Mr. Levitt to admit that he executed the MOU and that he has not yet repaid Mr. [Albert][2] or shared proceeds from Square Robot stock with Mr. [Albert]. (Pl.'s Ex. A ¶¶ 7-12.) They do not call for Mr. Levitt to admit that repayment is past due under the terms of the MOU.

Thus, to determine whether Mr. Levitt breached the MOU, the Court must interpret the language of the MOU, which provides:

> In late 2020 (exact dates filled in) Francis Albert advanced approx. $1.6M (exact number to be filled in) to Eric Levitt ($1.1M) and Duncan Matlack ($.5M) for the purchase of Square Robot Series C shares. The agreement being, After [sic] repayment of the amount advanced, any proceeds shall be split equally between Francis Albert and each individual.

(Douglas Aff. Ex. A.)

Even assuming that the MOU is a valid contract, the language of the MOU regarding the time for repayment is ambiguous. The interpretation of ambiguous language in contract is a question of fact for the factfinder. *Scott v. Fall Line Condo. Ass'n*, 2019 ME 50, ¶ 6, 206 A.3d 307. Accordingly, summary judgment must be denied on Count I.

### B. Count II: Unjust Enrichment

An unjust enrichment claim is established by proving that "(1) the claimant conferred a benefit on the receiving party, (2) the receiving party had appreciation or knowledge of the benefit, and (3) acceptance or retention of the benefit was under circumstances that make it inequitable for [the receiving party] to retain the benefit without payment of its value." *U.S. Bank, N.A. v. Thomes*, 2013 ME 60, ¶ 14, 69 A.3d 411

---

[2] Once again, the Requests for Admission refer to someone, presumably the plaintiff, as "Mr. Francis."

(quoting *Est. of Anderson*, 2010 ME 10, ¶ 10, 988 A.2d 977 (alteration in original)).

Recovery under a theory of unjust enrichment is not available when the parties' relationship is governed by a valid contract. *Knope v. Green Tree Servicing, LLC*, 2017 ME 95, ¶¶ 12-13, 161 A.3d 696. Because there are disputes of fact regarding the MOU as discussed above, summary judgment must also be denied as to Count II.

## IV. Conclusion

For the foregoing reasons, Mr. Albert has not met his burden.

The entry is:

Plaintiff Francis Albert's Motion for Partial Summary Judgment is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _10/10/23_

_____
Mary Gay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 10/10/2023